UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ROBERTO CASTELLANOS, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 12-1452 |
| ) | |
| RANDY PFISTER, et al., ) | |
|    Defendants. ) | |

## MERIT REVIEW ORDER

    This cause is before the Court for merit review of Plaintiff's Complaint. The Court is required by 28 U.S.C. §1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    Plaintiff, Roberto Castellanos, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. Plaintiff has named as defendants Randy Pfister, James Blackard, Glendal French, Susan Prentice, Donald Boitnott, Terrance Durbin, David Hall, and Paul Griffith. He sues them in their individual and official capacities.

    Plaintiff says that on the morning of July 12, 2011, he wrote a letter to Assistant Warden Reed and West Cell House Major Defendant Blackard regarding improper treatment within Pontiac Correctional Center. Plaintiff says that he was then placed in a cell on July 15, 2011 that had a rancid sewer smell, was covered in feces and urine, had no running water, had no mattress, had a burnt out bulb that was left flickering for hours at a time, had no electrical outlet to plug in a fan, and had a covered-up ventilation system. He also says that while he was in that cell, he was deprived his personal clothing, not provided with any sheets or blankets, and was denied a Styrofoam cup and tray to collect ice that was being passed out due to the extremely high summer temperatures. He says he remained in that cell under the conditions identified for three days, and during that time, he informed various Defendants of the conditions. He says he suffered headaches and sleep deprivation because of the flickering light and dehydration due to lack of water. Plaintiff further states that he received notice that he was approved to receive his T.V. on September 3, 2011, that he spoke with Defendant Blackard about the release of Plaintiff's T.V. to Plaintiff, that Defendant Blackard questioned the authorization of the release

of Plaintiff's T.V., and that Plaintiff did not receive his T.V. until October 13, 2011.  Finally, Plaintiff states that he did not receive an "indigent bag" when they were passed out on November 6, 2011.

Plaintiff states an arguable Eighth Amendment claim based upon conditions of his confinement.  Incarcerated persons are entitled to confinement under humane conditions which provide for their "basic human needs."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (identifying as essential food, medical care, and sanitation); *see also Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008) (committed person is entitled to "'humane conditions'" and the provision of "'adequate food, clothing, shelter, and medical care'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  Proof of a conditions of confinement claim entails both an objective component and a subjective one.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001).  To show that a deprivation is "objectively, sufficiently serious," the Plaintiff must demonstrate that he was subjected to an "extreme deprivation."  *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002) (citing *Delaney,* 256 F.3d at 683). The subjective component requires the Plaintiff to show that the Defendants acted with "deliberate indifference," which entails, at "a minimum," that the Defendants acted with "actual knowledge of impending harm easily preventable."  *Delaney*, 256 F.3d at 683 (quoting *Jackson v. Duckworth*,955 F.2d 21, 22 (7th Cir. 1992).

The Court notes, however, that Plaintiff's allegations that he was denied his T.V. for a period of time do not support his Eighth Amendment claim based upon conditions of confinement.  *See Murphy v. Walker*, 51 F.3d 714, 718 n. 8 (7th Cir. 1995) ("We find no support in the case law for [the plaintiff's] claim that denying him . . . television amounts to a constitutional violation."); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992) (explaining that a prisoner who is denied  a television has not set out a constitutional deprivation).

Plaintiff also states an arguable claim for retaliation against Defendant Blackard.  To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action.  *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations and quotations omitted).  Here, Plaintiff alleges that he had written a letter to the assistant warden and Defendant Blackard regarding improper treatment within the prison and that just three days later he was placed in a cell that was filthy, had no ventilation, and no running water, and that Defendant Blackard later denied Plaintiff his T.V.  At the merit review stage, these allegations are sufficient to state a retaliation claim against Defendant Blackard.

Next, Plaintiff has filed a Motion for Appointment of Counsel [d/e 4].  In considering Plaintiff's Motion, the Court asks:  "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)). Plaintiff has provided evidence that he has attempted to retain counsel on his own. Nevertheless, Plaintiff's claims are not complex, and he appears competent at this stage of the litigation to represent himself. Therefore, Plaintiff's Motion is denied [d/e 4].

**IT IS THEREFORE ORDERED that:**

> **1) Pursuant to its merit review of the Complaint under 28 U.S.C. §1915A, the Court finds that Plaintiff alleges: 1) an Eighth Amendment conditions of confinement claim against Defendants Pfister, Blackard, French, Prentice, Boitnott, Durbin, Hall, and Griffith in their individual capacities only, and 2) retaliation against Defendant Blackard in his individual capacity only.**
>
> **2) This case shall proceed solely on the federal claim identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the Court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**
>
> **3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this Order.**
>
> **4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**
>
> **5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**
>
> **6) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.**

**7)** Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

**8)** Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filing to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

**9)** This cause is set for further scheduling procedures under Federal Rule of Civil Procedure 16 on June 6, 2013 at 9:00 a.m. (or as soon as the Court can reach the case) before Chief U.S. District Judge James E. Shadid by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

**10)** Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement.  Counsel for Defendants shall arrange the time for the depositions.

**11)** Plaintiff shall immediately notice the Court of any change in his mailing address and telephone number in writing.  Plaintiff's failure to notify the Court of a change in mailing address or phone number in writing may result in dismissal of this lawsuit, with prejudice.

**12)** Plaintiff's Motion for Appointment of Counsel is DENIED at this time [d/e 4].

ENTERED this 8th day of April, 2013.

                                        s/ James E. Shadid
                           _____
                                    JAMES E. SHADID
                        CHIEF UNITED STATES DISTRICT JUDGE