**E-FILED**
Monday, 03 February, 2014  11:40:08 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **ROBERTO CASTELLANOS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 12-1452** |
| | ) | |
| **RANDY PFISTER,** *et al.*, | ) | |
| **Defendants.** | ) | |

## SUMMARY JUDGMENT OPINION

Defendants Prentice, Durbin, and Hall move for summary judgment on the issue of exhaustion [d/e 18]. Plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. § 1983 on October 31, 2012 claiming that his constitutional rights were violated at Pontiac Correctional Center in July 2011. The Court conducted a merit review of the Plaintiff's Complaint and found that Plaintiff stated an Eighth Amendment conditions of confinement claim against Defendants Pfister, Blackard, French, Prentice, Boitnott, Durbin, Hall, and Griffith, and a retaliation claim against Defendant Blackard.

### A. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## B. ANALYSIS

Defendants argue in their Motion for Summary Judgment that in the grievance regarding the allegations of this case, Plaintiff did not name or reasonably describe Defendants Durbin, Prentice, or Hall. The Prison Litigation Reform Act (herein PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo*, 286 F.3d at 1025.

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 *et seq.* An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The Grievance Officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two

2

months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Here, Defendants attached the Affidavit of Terri Anderson, an Administrative Review Board (ARB) Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections (IDOC), which provides that Anderson searched Plaintiff's ARB records for grievances concerning the conditions of his cell from May 2011 to August 2011, for grievances concerning west cell house security staff misconduct at Pontiac, and for grievances pertaining to issues regarding staff misconduct of Defendant Blackard with relation to Plaintiff's television set. ARB records indicated that the ARB received two grievances from Plaintiff regarding the identified issues, one dated July 25, 2011 and one dated October 10, 2011, the latter pertaining to only Plaintiff's television set. A final response from the ARB to Plaintiff's July 25, 2011 grievance was dated December 21, 2011. Defendants argue that Plaintiff's July 25th grievance did not comply with 20 ILL. ADMIN. CODE § 504.810(b) because Defendants Durbin, Prentice, and Hall were not sufficiently identified by name or description. They say that Plaintiff identified a "subsetute [sic] Lt" in his July 25th grievance, but that Defendant Prentice was not a substitute lieutenant, so the reference could not have been to her.

Plaintiff counters that he tried to exhaust his administrative remedies as to Defendants Durbin and Boitnott in supplemental emergency grievances sent to the Warden, Defendant Pfister.  Specifically, Plaintiff says that he sent:  1) an emergency grievance on July 28, 2011 which he says was deemed a non-emergency by the Warden and the Grievance Officer only focused on Plaintiff's stolen personal property and hygiene items; 2) a second emergency grievance on August 1, 2011 that has gone unanswered; and 3) a third emergency grievance on August 9, 2011 that was documented by both the Warden and Grievance Officer, but the Warden deemed the grievance a non-emergency and the Grievance Officer "concentrated a compliance check of the procedural due process safeguards outlined in Department Rule 504 and denied plaintiffs [sic] grievance."  Of the grievances regarding the allegations of the Complaint that Plaintiff allegedly submitted, he attached only two for the Court's review:  the July 25, 2011 grievance and the August 9, 2011 grievance.  While Plaintiff says that the August 9th emergency grievance was documented and addressed by the Grievance Officer, the copy provided to the Court does not indicate that his Counselor provided a response to it, that the Warden deemed it a non-emergency (as Plaintiff represents), or that Plaintiff fully exhausted his administrative remedies as to that grievance.  Further, the Affidavit from inmate Allen Kronenberger attached to Plaintiff's Motion in Opposition of Pending Motion for Summary Judgement [sic] [d/e 24] details the events of July 15, 2011, which form the basis of Plaintiff's Complaint, and identifies a "substitute Lutinent [sic] Troy E. Davis" as the person who the Warden ordered to get someone to clean Plaintiff's cell that day.  Plaintiff's August 9th grievance also identifies Lieutenant Davis as the person the Warden ordered to get someone to clean Plaintiff's cell.

The Court finds that Plaintiff did not properly and fully exhaust his administrative remedies as to Defendants Prentice and Hall where he did not name them or include sufficient

descriptive information about those individuals as required by 20 ILL. ADMIN. CODE §504.810(b). Indeed, Plaintiff's own exhibits reveal that the "substitute lieutenant" that he referenced in his July 25th grievance was Lieutenant Davis, and not Defendant Prentice. Moreover, Plaintiff does not allege or show by way of exhibit that he included Defendants Prentice's or Hall's names or descriptions in either the July 25th, July 28th, or August emergency grievances he says he submitted. Defendants Prentice and Hall are entitled to summary judgment.

As for Defendant Durbin, the question is whether administrative remedies were truly "available" to Plaintiff. 42 U.S.C. § 1997e(a). The Court finds that they were not. The PLRA, does not define "availability" for purposes of the exhaustion requirement. However, the Seventh Circuit has held that the "availability of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009) (*quoting Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). Prison officials who engage in affirmative misconduct, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), or fail to respond to grievances, render the grievance process unavailable to an inmate. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Here, Plaintiff argues that he appealed his August 9, 2011 emergency grievance to the IDOC Director via the ARB, and he has not yet received a response from the ARB. While there are discrepancies[1] in Plaintiff's allegations regarding his attempt to exhaust his August 1st and August 9th grievances in which he says he identified Durbin, Defendants did not file a Reply and

---

[1] In his Motion to Stay Proceedings [d/e 28], Plaintiff says that he appealed his third emergency grievance to the Director of IDOC via the ARB, as exhaustion rules require, but that he has not yet received a response from the ARB. However, in his later-filed Supplemental Response to Defendants' Motion for Summary Judgement [sic] [d/e 31], Plaintiff says that he filed this lawsuit months after the CAO (Warden) refused to respond or make a decision pertaining to his two additional emergency grievances. He also identifies the third emergency grievance in his Motion to Stay as dated August 8, 2011 rather than August 9th.

have presented no arguments or evidence in opposition to Plaintiff's position regarding the August emergency grievances that named Defendant Durbin and that went unanswered. Defendants have therefore not sustained their burden on summary judgment, and so Plaintiff's claim against Defendant Durbin may proceed. *See Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) ("The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving."). Ultimately, the Court finds that the grievance process was rendered unavailable to Plaintiff due to the ARB's failure to provide a final decision and so summary judgment will be denied as to Defendant Durbin.

**IT IS THEREFORE ORDERED:**

**1) Defendants Prentice's, Durbin's, and Hall's Motion for Summary Judgment on the issue of exhaustion is GRANTED IN PART AND DENIED IN PART [d/e 18]. Defendants' Motion is granted in part only as to Defendants Prentice and Hall. The Clerk is directed to terminate Prentice and Hall as Defendants. Judgment will be entered in favor of Prentice and Hall at the close of the case. Defendants' Motion is denied as to Defendant Durbin.**

**2) Plaintiff's Motion in Opposition of Pending Motion for Summary Judgement [sic] is DENIED [d/e 24].**

**3) Plaintiff's Motion to Stay Proceedings in Opposition to Defendants [sic] Motion to Stay Discovery is DENIED [d/e 28] to the extent Plaintiff requests a motion to stay. The Court has considered the arguments in Plaintiff's Motion to Stay as part of his response to Defendants' Motion for Summary Judgment.**

**4) The stay on merits discovery is now LIFTED.**

ENTERED this 31st day of January, 2014.

s/ Sara Darrow

_____

SARA DARROW
UNITED STATES DISTRICT JUDGE